Unsolved, our last case today is Mr. Jackman. May it please the Court, my name is Norman Jackman, I represent the petitioner in this case. The issue that the Court needs to reach here is California The questions are whether it reaches it, if so, how, and finally, if it reaches it, what to do about it. I'm prepared to discuss each of those factors in order. Number one, there is no preemption issue involved in this case because OPM has stated the position that it is bound by a court order from the State of California. Didn't we say in Perry v. OPM that we're not going to require delving into the intricacies of state law? I think you did. The declaration is the declaration period, that's kind of what we said, isn't it? Yes, that's true. However, I think the Court's mistaken. I think that under Erie and under the Judiciary Act of 1979, the Court is bound to pay attention to state law, in fact, to give deference to the state law where there is no controlling constitutional or federal statute. So you think we need to strike down the regulation? I mean, in addition to Perry cited by Judge Rader, the regulation also seems to say that it's not up to OPM to clarify a law's intent by researching individual state laws, which seems consistent with Perry but inconsistent with what you're advocating here. It's funny, what it comes down to, Judge, is that OPM then is asserting the right to determine that it will abide by some state court orders but not by others. That sounds like a denial of procedural due process. It can't be bound by the California state court order in one situation and then later say we will not be bound by another state court order on the same subject, which has prohibited the petitioner here from going back to the state court, brings the petitioner here where at least there's jurisdiction over OPM, and says we have community property rights under the law of the state of California that has not been preempted by the Congress, can't be preempted by OPM, and there isn't even a preemption argument made in this case. Wait, so OPM is supposed to rewrite the court order in the earlier divorce proceeding? No, but when OPM states that it will not be bound by a later court order, we are forced here. We came to MSPD, and now we're here. We have no other place to go, but that doesn't make the law correct as it currently stands, just because we've been foreclosed from going back to the state court. You said OPM has said it won't be bound by a later court order. Is there some later court order in this case? No, but we can't go back to get a later court order since we know an advanced OPM wouldn't be bound by it. So what happened here is the court issued a perfectly proper order at the time it was issued. Wait, is the reason it won't be bound by this order because of the timing issue? No. This person is already deceased and there are opportunities to make changes and so forth. Is that why OPM won't be bound? Well, they say that they will not be bound by any state court order issued after the deceased of the federal employee. That's correct. After the death of the federal employee. I think our case law supports that also. Well, it may well support that, Your Honor, but that doesn't make it right. And here, what is left is— But think of the problem that we have. Or not we, but we in the grander sense of OPM and anybody looking at what OPM does. We have a divorce decree which says rather unequivocally where things go. We have a court that has sanctioned that. And then we have arguments attacking that judgment. And there's no way for us to be sure of what the deceased intents were. Isn't the court's rule the most logical one? Let's stick with what the court said at the time that it said it and not try to enter a new judgment contrary to the first one. Well, Your Honor, the court's judgment at the time it made it was correct. It was absolutely proper on its face. But three years or some—about three years later, the federal employee got married again. And while there are 41 states that wouldn't say that that had anything to do with the case, there are nine states that are community property states. But he would have known that—or should have known that his declaration had already given precedence to his first spouse. It's not the federal employee's declaration. It's the order of the divorce court in the first case giving everything in the future in the way of survivor benefits to the first wife. And then comes a second wife three years later. So wasn't it up to him to go into court and try to change the order? I don't know the answer to that. I think he tried to—within the confines of this order, he tried to give his second wife what benefits he could. But I think he was bound by what the court order said in the first—he may have felt that. But you're telling us that our law precludes you, or OPM tells you, precludes you from going back into court and changing it. Well, at the time, I don't think you were precluded. I don't know the ins and outs of everything, but I think if he is still alive and he had gone into court and gotten a—you know, saying this order was wrong under California law, it was—wasn't it up to him to do that? It may be true that he could have done that, but I don't think it precludes a second spouse not knowing what had happened from coming into this court and showing that under the California law, the first court order cannot give away her rights. Well, but she doesn't have any rights, because any right to his survivor benefits already belongs to someone else, according to the way the law works. And I still don't—you can see the difficulty of a court trying to say—to decide between two former spouses, both of whom have a certain claim on the deceased. One could look at this from a different direction. Excuse me. Sure. The expression in the court order is the maximum amount allowed by law. Consequently, since California law, community property law, for the second spouse is absolute, the maximum amount allowed by law after the man got married again was the amount that existed before he got married minus whatever the rights of the second spouse are. That would be the maximum amount allowed by law. And while it may have been intended to mean something else at the time it was written, this court need not substitute its judgment for the original judgment, but merely say that the maximum amount now allowed by law is different from the maximum amount that would have been allowed if he hadn't gotten married. But I just go back to the regulation. I mean, I think you're asking us to really strike down the regulation. Are you not? Yes. I think that regulation is wrong. I think that to say that at a point in time when the federal employee can make a change if he doesn't make it or can seek to make a change, not that he could make it, but can seek to make it if he doesn't make it, all rights of a future spouse are wiped out. I think it's wrong. I think they should be required to be subject to— that's going to vary from place to place, and it's going to require an attorney every time somebody asks for understanding of their pension rights. My experience with OPM is that they have an adequate amount of attorneys and that the Justice Department is capable of supplying whatever they may need, Your Honor. The fact of the matter is— We'd have to adjudicate it every time it came to, right? We'd have to decide, well, what does this state say? What does that state say? We'll have 50 different rules. But isn't that what the Judiciary Act of 1789 required, that state law be applied wherever there is no controlling federal law constitution? Well, but there seems to be some controlling federal law. You've got the regulation, and you've got a whole volume of case law from this court applying and upholding those rulings of the OPM. I think we've gotten a little bit off the question of whether we couldn't interpret the original order as meaning the maximum amount allowed by law. Except that you want that law to be the state law, and that brings us right into the myriad problems I'm discussing with you, whereas Judge Prost points out that law is, under the law, federal law, and the regulation which you attack. Yet the federal law does not begin to seek to preempt the state law. There is no preemption argument here. OPM acknowledges that it is bound by the state court order and has not even argued that this is a preemption issue. So the question is, which is the foremost? Can I ask you a question which is kind of a side, but it goes to this point a little? Does community property law in California require that a spouse provide a survivor annuity? We're not talking about pension benefits that have accrued during one's life, which I think are traditionally viewed as community property. We're talking about a survivor annuity. I think there's a question. OPM at the federal level would have to be looking to what is covered by community property, or do you have an answer that you could clear up? Community property covers all assets acquired during the marriage. But typically the pensioner can decide not to go for a survivor's annuity. That's a choice that's made when the person's alive, and they can say, no, I'm not going to pay in for a survivor's annuity. I believe he is prohibited by the court order, which appears in the appendix to my brief, from making such a decision. All property acquired during the marriage. Of course, there was no survivor annuity to acquire during the marriage of the second spouse because it had been fully assigned to the first spouse. Right? Could not have acquired something that never came into being for the second spouse. It's kind of a peculiar situation where if Your Honor is issuing an order and there is no second spouse and you want all of the survivor's annuity to go to the spouse that's before you, you would surely issue the order that it all goes to the spouse before you. At least you could modify that by saying the maximum amount allowable by law goes to the current spouse who's before me, but then there is another spouse that enters the picture. You want to save some of your rebuttal time? Please. Thank you very much, Mr. Jackman, for engaging the court as you have. Thank you, Justice. Ms. Lynch. Good afternoon, Your Honors, and may it please the court. My name is Ellen Lynch with the Department of Justice, representing the government in this matter. This case deals with the straightforward application of federal law and OPM's regulations to a federal survivor annuity benefit. The only issue before the court today is whether OPM and the board properly determined that Mrs. Yesler is not entitled to a survivor annuity. The Spouse Equity Act, which is codified at 5 U.S.C. 8341H, provides that a former spouse is entitled to a survivor annuity if and to the extent provided for in the terms of any decree of divorce. What about the to the extent allowed by law clause? It's actually not the extent allowed by law clause, Your Honor. The specific language that was incorporated in the divorce decree says that under Section 8341H.1 of Title V, former spouses awarded the maximum possible former spouse survivor annuity under the civil service retirement system. We're not dealing with state law. We're dealing with the federal retirement system. In this case, OPM simply performed its ministerial function and interpreted the court order in accordance with its own regulations. OPM and the board correctly determined that Mrs. Yesler is not entitled to a survivor annuity benefit because the California court's order, in accordance with the Spouse Equity Act and OPM regulations, provided the maximum survivor annuity benefit to the former spouse. Therefore, unless the court has any further questions. I just have one question. Hypothetically, someone's married for six months, gets a divorce, and puts in the divorce decree the provision that you just cited. Yes. Gets remarried, is remarried to someone for 45 years, clearly in a situation where that person would be entitled to the vast majority of that virtually the entire pension or a portion of that pension if they subsequently got divorced, and the person gets a survivor annuity. Is the position the same? Survivor benefit goes entirely to the wife one? Unless the employed spouse attempts to change that court order prior to his or her retirement or death, Your Honor. But he has an opportunity then. Well, he would have to go back to the original court, right, and presumably change that requirement as well. That is correct, Your Honor. The only regulation from OPM or the only part of the Spouse Equity Act that would apply to that is that any modification to a survivor's spouse annuity benefit is not permitted if it's made after the retirement or death of the employed spouse. Okay. So any other situation? Any time before retirement. Yes. Government respectfully requests that this court affirm the board's decision. Thank you, Ms. Lynch. Mr. Jackman, you have about three minutes remaining. A little more. Am I right that the Spouse Equity Act is what's involved here to deny a second spouse her equity in the assets earned during her marriage to the deceased federal employee? I find that probably goes contrary to the intent of the Congress in passing the Spouse Equity Act. All I would like to reiterate is that… Well, Mr. Jackman, the thing is in the Spouse Equity Act, there are always two spouses. There's the present spouse and someone who was a spouse at a previous time. Somebody is always under the statutory regulatory regime going to maybe come out not as favorable as they would like. I suppose that's true, Your Honor. But the only thing I'd like to end this with is what's fair? The former spouse was married to the deceased federal employee about 25 years. My client was married to him for about four years. She is seeking something like four years over a 25-year percentage of the survivor's annuity. I think it's fair. And to the extent that OPM's regulations don't allow a modification after the death of the employee, I think that's a procedural matter that is outcome determinative and shall be stricken by this court under the Supreme Court's ruling in Guaranteed Trust v. York. And if there are no further questions, I'd… Thank you very much, Mr. Jackman. Thank you. All rise. Court is adjourned.